UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEINENBACH,                  :
                                   :
              Petitioner           :
                                   :   CIVIL NO. 1:CV-04-2442
        vs.                        :
                                   :   (Judge Caldwell)
TROY WILLIAMSON, Warden, FCI       :
ALLENWOOD,                         :
                                   :
              Respondent.          :


M E M O R A N D U M

I.   Introduction

Petitioner, James Leinenbach, an inmate at USP-Allenwood, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Leinenbach claims that his conviction and sentence violate the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d. 621 (2005)[1] and the International Covenant on Civil and Political Rights (ICCPR).

---

[1] Leinenbach petition references the Supreme Court's decision in *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). However, since Petitioner was sentenced pursuant to the Federal Sentencing Guidelines we will address the claims as arising under *Booker*.

II.   Background

Petitioner was convicted in the Eastern District of Pennsylvania of conspiracy to manufacture and distribute more then one kilogram of methamphetamine in violation of 21 U.S.C. § 846, manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  He was sentenced to consecutive prison terms of 108 months on each count.  His conviction was affirmed by the Third Circuit on October 27, 1995.[2]  *United States v. Leinenbach*, 70 F.3d 1258 (Table)(3d Cir. 1995).  The Supreme Court denied certiorari on October 7, 1996. *Leinenbach v. United States*, 519 U.S. 807, 117 S. Ct. 48, 136 L. Ed. 2d 13 (1996).  On August 30, 2002, Petitioner's motion pursuant to 28 U.S.C. § 2255 was denied.[3]

---

[2] Both Petitioner and Respondent assert that his conviction was affirmed on December 20, 1995, but the Third Circuit opinion indicates that Leinenbach's sentence was affirmed in October, 1995.

[3] It is not clear from the record before us why Leinenbach's § 2255 motion was denied.  Further, it does not appear that he appealed the denial of his motion to the Third Circuit.  However, he was denied certiorari by the Supreme Court on March 29, 2004, and a petition for a rehearing was denied on June 28, 2004. *Leinenbach v. United States*, 541 U.S. 968, 124 S. Ct. 1736, 158 L. Ed. 2d 415 (2004); *Leinenbach v. United States*, ___ U.S. ___, 124 S. Ct 2931, 159 L. Ed. 2d 830 (2004).  It is also not clear if his petition for certiorari was related to his § 2255 motion.

III.  Discussion

Leinenbach argues that his sentence violates the Supreme Court's holdings in *Apprendi* and *Booker* because the jury was not required to find the quantity and type of methamphetamine beyond a reasonable doubt and he is therefore actually innocent of the crime for which he was sentenced.  He also argues that his conviction and sentence were in violation of the ICCPR.  The Respondent contends that the claims raised by Petitioner go to the validity and not the execution of his conviction and sentence and are properly brought under 28 U.S.C. § 2255.  As such, his petition should be dismissed for lack of jurisdiction.  Leinenbach maintains that we can consider his claims under 28 U.S.C. § 2241 because a § 2255 motion would be "inadequate or ineffective" for protecting his rights.  Specifically, he argues that § 2241 applies to treaty violations while § 2255 does not and that since *Apprendi* and *Booker* were decided after he was sentenced and after his § 2255 motion was decided, a § 2241 petition is the appropriate vehicle for addressing his claims arising under those cases.

When challenging the validity, and not the execution of, his sentence, a federal prisoner is limited to filing a motion pursuant to § 2255.  *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).  However, a challenge can be brought under § 2241 if "it

-3-

...appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255; *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).  This language in § 2255, known as the safety-valve clause, must be strictly construed.  *Id*. at 251.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  *Id*. at 539.

Petitioner is clearly challenging the validity of his sentence.  Since he has previously filed a § 2255 motion in the court of conviction, and had that motion denied, his petition is properly construed as a second or successive § 2255 motion.  As such, he must obtain certification from the Third Circuit in order to file his petition unless he can show that a § 2255 motion would be "inadequate or ineffective" to address the claims raised.  28 U.S.C. § 2255.

Leinenbach first argues that a § 2255 motion is inadequate to addresses his claim of a treaty violation.  However, § 2255 is an available remedy for treaty violations.  *Davis v.*

*United States*, 517 U.S. 333, 344, 94 S. Ct. 2298, 2304, 41 L. Ed. 2d 109, 117-8 (1974).  Further, contrary to Petitioner's assertions, the ICCPR is not self-executing and has not been implemented by Congress.  *Poindexter v. Nash*, 333 F.3d 372, 379 (2d Cir. 2003); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *United States ex rel Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1063 (8th Cir. 2002); *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002).  As such, federal courts are not bound by the ICCPR.  *Perez*, 286 F.3d at 1063.  Petitioner's claims of a treaty violation can, therefore, be adequately addressed by a § 2255 motion.

   Leinenbach's second argument is that *Apprendi* and *Booker* were decided after he was sentenced and after his § 2255 motion was decided, so a § 2255 motion would be inadequate to address his claims arising under those cases.  To begin, we note that although both cases were decided after he was sentenced, *Apprendi* was decided on June 26, 2000, two years prior to the denial of his § 2255 motion.  Therefore, it would have been possible for a claim under *Apprendi* to be raised in his § 2255 motion.  Further, the mere fact that these cases were decided after Petitioner was sentenced, and that *Booker* was decided after his § 2255 motion was denied, does not mean that a § 2255 motion would be inadequate to address his claims.  *See Okereke v. United*

-5-

*States*, 307 F.3d 117 (3d Cir. 2002).  In *Okereke*, the Third Circuit found that a § 2255 motion was not inadequate where a defendant's conviction had become final and his original § 2255 motion was denied before *Apprendi* had been decided.  *Id*. at 120-1.  Since a § 2255 motion would not be an inadequate remedy for Petitioner's *Apprendi* claim, we cannot find that it would be inadequate for a *Booker* claim.  *See Woodfolk v. Miner*, 2005 WL 1334631 at *5 (D.N.J. 2005).

IV.   Conclusion

We find, consistent with the above analysis, that a § 2255 motion would not be "inadequate or ineffective" for addressing the claims raised by the Petitioner.  Therefore, since his claims are properly characterized as a second or successive § 2255 motion, we will dismiss his petition for lack of jurisdiction.

We will enter an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 17, 2005

```
             UNITED STATES DISTRICT COURT FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA
```

JAMES LEINENBACH,                 :
                                  :
         Petitioner               :
                                  :     CIVIL NO. 1:CV-04-2442
    vs.                           :
                                  :     (Judge Caldwell)
TROY WILLIAMSON, Warden, FCI      :
ALLENWOOD,                        :
                                  :
         Respondent.              :

## O R D E R

AND NOW, this 17th day of June, 2005, it is ordered that Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1), is dismissed for lack of jurisdiction.

                                  /s/William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge